UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NUMBER: 05-10007-MLW

2005 MAR 21  P 2: 27

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| JOANNE PARISI, individually and as Executrix of the Estate of LEONARDO PARISI,<br>  Plaintiff,<br><br>VS.<br><br>JOHN G. GRIBBEN, M.D.,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

APPEARANCE, ANSWER AND JURY CLAIM OF THE DEFENDANT, JOHN G. GRIBBEN, M.D., TO PLAINTIFF'S COMPLAINT

### THE DEFENDANT, JOHN G. GRIBBEN, M.D., CLAIMS A TRIAL BY JURY AS TO ALL ISSUES

#### First Defense

1. The defendant, John G. Gribben, M.D., neither admits nor denies the allegations of Paragraph No. 1 of plaintiff's Complaint because he is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

2. The defendant, John G. Gribben, M.D., neither admits nor denies the allegations of Paragraph No. 2 of plaintiff's Complaint because he is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

3. The defendant, John G. Gribben, M.D., admits that at all times relevant to this Complaint he was a duly licensed physician in the Commonwealth of Massachusetts and practiced medicine at the Dana Farber Cancer Institute. The defendant denies that he is currently licensed to practice in the Commonwealth.

4. The defendant, John G. Gribben, M.D., neither admits nor denies the allegations of Paragraph No. 4 of plaintiff's Complaint because he is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

2

5. The defendant, John G. Gribben, M.D., neither admits nor denies the allegations of Paragraph No. 5 of plaintiff's Complaint because he is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

## COUNT I

6. The defendant, John G. Gribben, M.D., repeats and restates his answers to Paragraphs One through Five of plaintiff's Complaint as if expressly rewritten and set forth herein.

7. The defendant, John G. Gribben, M.D., admits the allegations of Paragraph No. 7 of Count I of plaintiff's Complaint.

8. The defendant, John G. Gribben, M.D., admits the allegations of Paragraph No. 8 of Count I of plaintiff's Complaint.

9. The defendant, John G. Gribben, M.D., denies the allegations of Paragraph No. 9 of Count I of plaintiff's Complaint.

10. The defendant, John G. Gribben, M.D., denies the allegations of Paragraph No. 10 of Count I of plaintiff's Complaint.

## COUNT II

11. The defendant, John G. Gribben, M.D., repeats and restates his answers to Paragraphs One through Ten of plaintiff's Complaint as if expressly rewritten and set forth herein.

12. The defendant, John G. Gribben, M.D., denies the allegations of Paragraph No. 12 of Count II of plaintiff's Complaint.

## COUNT III

13. The defendant, John G. Gribben, M.D., repeats and restates his answers to Paragraphs One through Twelve of plaintiff's Complaint as if expressly rewritten and set forth herein.

3

14. The defendant, John G. Gribben, M.D., denies the allegations of Paragraph No. 14 of Count III of plaintiff's Complaint.

## COUNT IV

15. The defendant, John G. Gribben, M.D., repeats and restates his answers to Paragraphs One through Fourteen of plaintiff's Complaint as if expressly rewritten and set forth herein.

16. The defendant, John G. Gribben, M.D., denies the allegations of Paragraph No. 16 of Count IV of plaintiff's Complaint.

### Second Defense

And further answering, the defendant says that the injuries and damages alleged were caused in whole or in part by negligence of the plaintiff's decedent, to a degree greater than any alleged negligence of the defendant.

### Third Defense

And further answering, the defendant says that the plaintiff fails to allege a claim upon which relief can be granted. Wherefore, the defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) that plaintiff's Complaint be dismissed, with costs to said defendant.

### Fourth Defense

And further answering, the defendant says that if the plaintiff's decedent, underwent the medical procedures alleged, he did so after having been properly informed and cognizant of any material risks and uncertainties involved in said procedures, and plaintiff's decedent, exercised his informed consent to the performance of said procedures.

4

### Fifth Defense

And further answering, the defendant says that any recovery for past and future medical expenses and/or for alleged conscious pain and suffering, if any, is limited pursuant to the provision of G.L. c. 231, §§60G and 60H.

### Sixth Defense

And further answering, the defendant says that the injuries and damages alleged were not caused by the acts of any person for whose conduct the defendant was legally responsible.

WHEREFORE, the defendant, John G. Gribben, M.D., demands that the plaintiff's Complaint be dismissed and that judgment enter in favor of the defendant, John G. Gribben, M.D., together with costs.

Paul M. McTague
B.B.O. No. 541779
Michael J. Keefe
B.B.O. No. 263751
Attorneys for the Defendant,
  John G. Gribben, M.D.
MARTIN, MAGNUSON, MCCARTHY
  & KENNEY
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

5

## CERTIFICATE OF SERVICE

I, Paul M. McTague, counsel for the defendant, John G. Gribben, M.D., hereby certify that on the __16 th__ day of March, 2005, I served the above APPEARANCE, ANSWER AND JURY CLAIM OF THE DEFENDANT, JOHN G. GRIBBEN, M.D., TO PLAINTIFF'S COMPLAINT by mailing a copy thereof, postage prepaid to:

Barry. D. Lang, Esq.
Zachary B. Lang, Esq.
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, Massachusetts 02109

Paul M. McTague
B.B.O. No. 541779
Michael J. Keefe
B.B.O. No. 263751
Attorneys for the Defendant,
 John G. Gribben, M.D.
MARTIN, MAGNUSON, MCCARTHY
 & KENNEY
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240