UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NUMBER: 05-10007-MLW

| | |
|---|---|
| JOANNE PARISI, individually and as Executrix of the Estate of LEONARDO PARISI,<br>    Plaintiff,<br><br>VS.<br><br>JOHN G. GRIBBEN, M.D.,<br>    Defendant. | **LIMITED OPPOSISTION OF THE DEFENDANT JOHN GRIBBEN, M.D. TO PLAINTIFF'S MOTION TO TRANSFER CASE TO SUFFOLK SUPERIOR COURT FOR PURPOSE OF CONVENING MEDICAL MALPRACTICE TRIBUNAL AND TO OPEN DISCOVERY PENDING THE MEDICAL MALPRACTICE TRIBUNAL** |

Now comes the defendant, John G. Gribben, M.D., and hereby states his limited opposition to the plaintiff's motion to transfer this matter to Suffolk Superior Court for a medical malpractice tribunal and to open discovery pending the convening of the tribunal.

At the outset, the defendant notes that on June 24, 2005, the Court granted the defendant's motion to refer the case to the Suffolk Superior Court for the purpose of a medical malpractice tribunal. Nevertheless, it appears at this time that the case has not yet been referred to the Superior Court. Accordingly, the defendant does not oppose the plaintiff's motion insofar as the motion seeks to accomplish the transfer to the Superior Court for the purpose of convening the tribunal.

However, the defendant opposes the plaintiff's motion insofar as the motion seeks to authorize discovery before the tribunal has heard the case, and considered the merits of the plaintiff's Offer of Proof to determine whether the same is sufficient to permit the plaintiff to proceed without posting a bond. In opposing the plaintiff's request that the court authorize discovery in advance of the tribunal, the defendant further notes that at a

1

Scheduling Conference conducted on September 8, 2005 this Court entered an Order "staying the case pending the results from the medical malpractice tribunal." Civil Docket (attached as Exhibit A).

In further support of his limited opposition to the plaintiff's motion, the defendant notes that G.L. c. 231, § 60 B provides in relevant part: '[e]very action for malpractice, error, or mistake against a provider of health care **shall** be heard by a tribunal consisting of a single justice of the superior court, a physician … and attorney … at which hearing the plaintiff **shall** present an offer of proof and said tribunal **shall** determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry … within fifteen days after the defendant's answer has been filed." (emphasis supplied). This statute requiring a tribunal in medical malpractice cases serves to reduce the unnecessary and escalating costs of defense associated with unsupported claims, and thereby helps to control the cost of medical services to consumers. See Brodie v. Gardner Pierce Nursing and Rest Home, Inc., 9 Mass. App. Ct. 639, 641 (1980). "As a means to those ends, the statute is designed 'to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance.'" Id. (citations omitted).

By requiring that a tribunal convene at the outset of the case after a defendant has filed an answer, the legislature unequivocally manifested its clear intent that a tribunal should be convened before the defendant incurs any expense associated with discovery. See Mass. Gen. Laws c 231, § 60B. The purpose of requiring a medical malpractice tribunal at the outset of the litigation is rendered meaningless if discovery is permitted prior to the time that the tribunal is convened. See Brodie, 9 Mass. App. Ct. at 641.

Many courts of the Commonwealth of Massachusetts have suggested or ruled that discovery in medical malpractice cases should await the completion of the tribunal process. In this regard, the Supreme Judicial Court has recognized "that the hearing before the tribunal ordinarily precedes discovery." <u>Gugino v. Harvard Community Health Plan</u>, 380 Mass. 464, 468 (1980). Likewise, in <u>Rogers v. City of Boston</u>, 33 Mass. App. 328, 331 (1992), the Appeals Court noted without comment that the defendant in that case "had obtained a protective order staying all discovery until after the decision of the tribunal." In the case of <u>Alburg v. Glidden</u>, No. 44242 (Suffolk Superior Court), former Superior Court Judge William G. Young, observed that "a reasonable resolution of the conflicting concerns (relating to pre-tribunal discovery), consists of a limited Protective Order sparing the defendants from the burdens and expense of discovery, at least until a reasonable time has passed within which, in the ordinary course, the parties can expect a tribunal hearing and decision." Although it may be that there is some conflict in the decisions reached by the Superior Courts, at least two Superior Court Judges recently entered orders staying discovery in medical malpractice actions pending the tribunal hearing. See <u>Albano v. Lareau, M.D.</u>, Middlesex Sup. Ct. No. 2001-02149 (September 25, 2001) (Giles, J.) (attached hereto as Exhibit "B") and <u>Tesorero v. Rau</u>, Norfolk Sup. Ct. No. 98-00984 (November 11, 1998) (Doerfoer, J.) (attached hereto as Exhibit "C") (Court allowed defendant physician's motion for protective order pending medical malpractice tribunal to be convened within sixty days and that all discovery be stayed for the same sixty day period).

In the present case, a stay of discovery until a medical malpractice tribunal has resolved the threshold issue as to whether this action raises a "legitimate issue

3

appropriate for judicial inquiry," as was previously ordered by this Court, was and continues to be an appropriate means of furthering the intent and purpose of the tribunal statute.  The intent of the tribunal statute would be circumvented, if the Court, prior to the tribunal, permitted plaintiff to conduct discovery at substantial expense to the defendant, which cost and expense might be needlessly incurred depending on the tribunal's finding and depending on whether the plaintiff posts a bond in the event of a finding that is adverse to the plaintiff.

WHEREFORE, the defendant John Gribben, M.D. respectfully requests that he Court deny the plaintiff's motion insofar as the motion seeks to open discovery before the matter has been heard/decided by a medical malpractice tribunal.

/S/ Michael J. Keefe
Paul M. McTague
B.B.O. No. 541779
Michael J. Keefe
B.B.O. No. 263751
Attorneys for the Defendant,
 John G. Gribben, M.D.
MARTIN,MAGNUSON,
MCCARTHY& KENNEY
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

Case 1:05-cv-10007-MLW    Document 13    Filed 06/15/2006    Page 5 of 5

## CERTIFICATE OF SERVICE

I, Michael J. Keefe, counsel for the defendant, John G. Gribben, M.D., hereby certify that on the 15th day of June, 2006, I served the by mailing a copy thereof, postage prepaid to:

Barry. D. Lang, Esq.
Zachary B. Lang, Esq.
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, Massachusetts 02109

/S/ Michael J. Keefe
Paul M. McTague
B.B.O. No. 541779
Michael J. Keefe
B.B.O. No. 263751
Attorneys for the Defendant,
  John G. Gribben, M.D.
MARTIN, MAGNUSON, MCCARTHY
  & KENNEY
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:05-cv-10007-MLW

| | |
|---|---|
| Parisi v. Gribben | Date Filed: 01/03/2005 |
| Assigned to: Chief Judge Mark L. Wolf | Jury Demand: Both |
| Demand: $1,000,000 | Nature of Suit: 362 Personal Inj. Med. Malpractice |
| Cause: 28:1331 Fed. Question: Medical Malpractice | Jurisdiction: Diversity |

**Plaintiff**

**Joanne Parisi**
*Individually and as Executrix of the Estate of Leonardo Parisi*

represented by **Barry D. Lang**
Barry D. Lang MD & Associates
1 State Street
Suit 1050
Boston, MA 02109
617-720-0176
Fax: 617-720-1184
Email: barry.lang@lawdoctors.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary B. Lang**
Barry D. Lang MD & Associates
1 State Street
Suit 1050
Boston, MA 02109
617-720-0176
Fax: 617-720-1184
Email: zblang@lawdoctors.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**John Gribben, M.D.**

represented by **Michael J. Keefe**
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
Boston, MA 02114
617-227-3240
Fax: 617-227-3346
Email: mkeefe@mmmk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul M. McTague**

Martin, Magnuson, McCarthy and Kenney
7th Floor
101 Merrimac St.
Boston, MA 02114
617-227-3240
Fax: 617-227-3346
Email: pmctague@mmmk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/03/2005 | 1 | COMPLAINT against John Gribben, M.D. Filing fee: $ 150, receipt number 61146, filed by Joanne Parisi. (Attachments: # 1 Civil Cover Sheet)(Bell, Marie) (Entered: 01/05/2005) |
| 01/03/2005 |  | Summons Issued as to John Gribben, M.D.. (Bell, Marie) (Entered: 01/05/2005) |
| 01/03/2005 |  | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Bell, Marie) (Entered: 01/05/2005) |
| 02/01/2005 | 2 | MOTION for Extension of Time for 90 Additional Days Under the Hague Convention to serve the Deft, FILED, c/s.(Boyce, Kathy) Additional attachment(s) added on 2/17/2005 (Bell, Marie). (Entered: 02/04/2005) |
| 02/01/2005 | 3 | MOTION to Appoint Special Process Server by Joanne Parisi, FILED, c/s.(Boyce, Kathy) (Entered: 02/04/2005) |
| 02/10/2005 |  | Judge William G. Young : Electronic ORDER entered granting 2 Motion To Extend the Service Deadline. cc/cl. (Bell, Marie) (Entered: 02/11/2005) |
| 02/10/2005 | 4 | Judge William G. Young : ORDER entered granting 3 Motion to Appoint Special Process Server. cc/cl. (Bell, Marie) (Entered: 02/15/2005) |
| 03/10/2005 | 5 | AFFIDAVIT OF SERVICE Executed re: John G. Gribben, M.D.. (Bell, Marie) (Entered: 03/15/2005) |
| 03/21/2005 | 6 | ANSWER to Complaint by John Gribben, M.D., FILED, c/s.(Boyce, Kathy) (Entered: 03/23/2005) |
| 03/21/2005 |  | DEMAND for Trial by Jury by John Gribben, M.D. (Boyce, Kathy) (Entered: 03/23/2005) |
| 06/08/2005 | 7 | MOTION to Transfer Case to Suffolk Superior Court to convene a Medical Malpractice Tribunal by John Gribben, M.D..(Flaherty, Elaine) (Entered: 06/09/2005) |
| 06/24/2005 |  | Judge Mark L. Wolf : Electronic ORDER entered granting 7 Motion to |

| | | |
|---|---|---|
| | | Transfer Case and so ordered (O'Leary, Dennis) (Entered: 06/24/2005) |
| 07/27/2005 | 8 | NOTICE of Scheduling Conference Scheduling Conference set for 9/8/2005 11:00 AM in Courtroom 10 before Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 07/27/2005) |
| 08/31/2005 | 9 | JOINT STATEMENT re scheduling conference *of September 8, 2005*. (Lang, Zachary) (Entered: 08/31/2005) |
| 09/01/2005 | 10 | EXHIBIT re 9 JOINT STATEMENT re scheduling conference *Local Rule 16.1, 16.4 Certification* by Joanne Parisi. (Lang, Zachary) (Entered: 09/01/2005) |
| 09/07/2005 | 11 | JOINT STATEMENT re scheduling conference. (Lang, Zachary) (Entered: 09/07/2005) |
| 09/08/2005 | | Electronic Clerk's Notes for proceedings held before Judge Mark L. Wolf : Scheduling Conference held on 9/8/2005. Court stays case pending the results from the medical tribunal. (O'Leary, Dennis) (Entered: 09/14/2005) |
| 06/12/2006 | 12 | MOTION for Referral to Medical Tribunal *and to open discovery pending the tribunal* by Joanne Parisi.(Lang, Zachary) (Entered: 06/12/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/13/2006 08:35:47 | | | |
| PACER Login: | mm2642 | Client Code: | parisi |
| Description: | Docket Report | Search Criteria: | 1:05-cv-10007-MLW |
| Billable Pages: | 2 | Cost: | 0.16 |

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

Civil Docket **MICV2001-02149**

RE: Albano v Lareau, M.D. et al

TO: Stephen M O'Shea, Esquire
Martin Magnuson McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **09/20/2001** is as follows:

Motion of the Defendant, Thomas G. Lareau, M.D., to stay all discovery until a decision has been rendered by a medical malpractice tribunal and to compel production of Plaintiff's offer of proof, Memo in support, Plaintiff's opposition, Request of the Defendant, Thomas G. Lareau, M.D., to file this reply to Plaintiff's opposition, 9A Affidavit of Compliance, and Defendant, Thomas G. Lareau, M.D., request for oral argument

**Re: (P#12) - After consideration, the motion is hereby ALLOWED. Discovery stayed until the hearing by the tribunal (Giles, J.) notices sent 09/25/01**

Dated at Cambridge, Massachusetts this 25th of September, 2001.

Edward J. Sullivan,
Clerk of the Courts

BY:

Michael H. Powers
Assistant Clerk

Telephone: 617-494-4010 EXT 4274

Copies mailed 09/25/2001

cvdresult 2.wpd 2096249 motallow gilmanr

NORFOLK, SS     SUPERIOR COURT
C.A. NO. 98-00984 B

LAWRENCE W. TESORERO )  MOTION OF THE DEFENDANT, U.
and BETTY TESORERO, ) PRAKASH RAU, M.D., FOR A
   Plaintiffs, ) PROTECTIVE ORDER TO STAY
) DISCOVERY UNTIL A MEDICAL
VS. ) MALPRACTICE TRIBUNAL HAS
) BEEN CONVENED PURSUANT TO
U. PRAKASH RAU, ) CHAPTER 231, §60B
   Defendant. )

*Handwritten margin notes:*
*Order: 1) Tribunal to be convened within 60 days.*
*2) Allowed Discovery stayed for 60 days.*
*[signature] Doerfer, J. 11/4/98*

    Now comes the defendant, U. Prakash Rau, M.D., and respectfully moves this Court pursuant to Mass. R. Civ. P. 26(c) and G.L. c. 231, § 60B for a Protective Order to stay discovery until after a tribunal has convened and has issued its finding. In support of this motion, the defendant states that this is an action for alleged medical malpractice in which the plaintiff must present an offer of proof for review by a medical malpractice tribunal which then must render a determination as to whether the evidence submitted therein, if properly substantiated, is sufficient to raise a legitimate question of liability appropriate for judicial inquiry. By statute, the tribunal shall be convened within 15 days after the defendant files an answer.

    The defendant, Dr. Rau, filed an answer to the plaintiff's Complaint, together with a request for a tribunal hearing, on or about August 31, 1998; yet no tribunal has been convened to date to review the plaintiff's Offer Of Proof. By requiring that a tribunal convene within 15 days after a defendant has filed an answer, the legislature has indicated a clear intention that the tribunal convene <u>before</u> the defendant incurs any significant expense of litigation. Such an unequivocal intent by the legislature would be ill-served by providing the plaintiff with an opportunity to conduct significant discovery at the expense of the defendant prior to a tribunal hearing and then, in light of that discovery and an adverse finding by the tribunal, permitting the

### MOTION TO OPEN DISCOVERY PENDING THE MEDICAL MALPRACTICE TRIBUNAL

In light of the passage of time, the Plaintiff moves this Court for an order commencing discovery pending the results of the medical malpractice tribunal.

This Court first approved the defendant's motion to transfer the case to the Suffolk Superior Court approximately one year ago. The Suffolk Superior Court to this date has no record of receiving the case.

It is the experience of plaintiff's counsel that it can take 3-6 months for the Superior Court to schedule a tribunal, depending on the specialty of the physician defendant, among other factors.

At this point, the case has been in suit for 18 months without any discovery taking place. The events on which the plaintiff's complaint is based took place in 2003.

In the interest of preserving the testimony of the parties and other witnesses before the passage of time clouds the facts in memory, the plaintiff requests that this Court allow discovery to proceed pending the results of the medical malpractice tribunal, on a schedule agreed by the parties and approved by the Court.

Respectfully submitted,
The plaintiff,
by her attorney,


____/S/ Barry D. Lang_____
Barry D. Lang, Esq.
BBO # 565438
Zachary B. Lang, Esq.
BBO# 652055
Attorneys for the Plaintiffs
**Barry D. Lang, M.D. & Associates**
1 State Street, Suite 1050
Boston, MA 02109
617-720-0176

Date: June 12, 2006